IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____x
                                           :
IN RE: FEDEX TARIFF LITIGATION      :       Case No. 2:26-cv-02181-TLP
                                           :
_____x

## MOTION FOR APPOINTMENT OF JOSEPH A. DIRUZZO, III AND JUSTIN K. GELFAND TO THE PLAINTIFFS' STEERING COMMITTEE

Plaintiffs CYCLE LIMITED, LLC and NICHOLAS METCALF, by and in the above-captioned consolidated action, respectfully move pursuant to Fed. R. Civ. P. 23 for the appointment of Joseph A. DiRuzzo, III, and Justin K. Gelfand of MARGULIS GELFAND DIRUZZO & LAMBSON to the Plaintiffs' Steering Committee ("PSC").

### INTRODUCTION

This is a case of national consequence. The Supreme Court's decision in *Learning Res., Inc. v. Trump*, 146 S. Ct. 628 (2026), struck down as unlawful more than $160 billion in tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"). That decision rendered the tariff refund flowing back through the customs pipeline one of the largest involuntary transfer-of-wealth events in recent memory. The critical question this litigation will resolve is whether FedEx (who collected IEEPA tariffs from the businesses and individuals who bore the economic burden, then remitted them to the Government, and now seeks to reclaim them as the importer of record) may retain what is, in equity, the class's money.

1

The class consists of individuals and businesses throughout the country who paid FedEx for import shipments and were assessed tariff-related surcharges. Thirteen cases filed across the country have now been consolidated before this Court.

Rule 23(g)(1)(A) directs the Court to consider: the work counsel has done in identifying or investigating potential claims; counsel's experience handling class actions and complex litigation; counsel's knowledge of applicable law; and the resources counsel will commit to the class. *See* Fed. R. Civ. P. 23(g)(1)(A). DiRuzzo and Gelfand satisfy each criterion.

The substantive legal issues here (*i.e.*, federal customs and trade law, consumer protection class actions, complex tariff and international trade regulation, and the procedural architecture of multiparty class action litigation), call for attorneys with the technical sophistication to evaluate IEEPA authority and its limits, to dissect FedEx's tariff refund (if any) methodology, and to litigate a contested class certification motion against a well-resourced defendant. DiRuzzo and Gelfand are those attorneys.

The Duke Law Bolch Judicial Institute's *Standards and Best Practices for Large and Mass-Tort MDLs ("Duke Standards")*[1] encourages appointment of experienced attorneys who will fairly represent all plaintiffs, with attention to diversity of experience, skills, and backgrounds. DiRuzzo's substantive tax background, CPA credential, and extensive appellate practice, combined with Gelfand's prosecutorial background as a former DOJ Tax Division Trial Attorney and his record of lead-counsel jury trial victories in high-stakes federal cases, bring precisely the range of talent the *Duke Standards* envision.

---

[1] *Available at* https://judicialstudies.duke.edu/sites/default/files/centers/judicialstudies/MDL_SBP_Appendix_2014.pdf

## DISCUSSION

**I.    DiRuzzo and Gelfand Bring Breadth of Substantive Tax Experience and Diversity to this Case**

Each proposed PSC member possesses significant and varied skills directly applicable to the claims and defenses at issue. Their combined backgrounds span criminal prosecution of complex financial schemes, federal appellate advocacy across numerous circuits, substantive tax litigation, class-action certification, and consumer and regulatory litigation. That portfolio maps directly onto the legal and factual demands of a case challenging an institutional carrier's tariff practices at a national scale.

### A.    Joseph A. DiRuzzo, III

DiRuzzo is a Partner at MARGULIS GELFAND DIRUZZO & LAMBSON, with offices in Fort Lauderdale, Florida and St. Louis, Missouri. He holds a J.D. from the University of Miami School of Law, a Master of Accountancy from the University of Connecticut, is a licensed Certified Public Accountant, and is a Florida Bar Board Certified Specialist in Criminal Appellate Law. He was elected a Fellow of the American College of Tax Counsel ("ACTC")[2] in September 2025 and is admitted to practice before ninth federal courts of appeals, the U.S. Tax Court, the U.S. Court of Federal Claims, and numerous federal district courts.

DiRuzzo has argued 35 cases before the United States Courts of Appeals (including the Second, Third, Eleventh, and D.C. Circuits) on matters ranging from civil taxation and class actions to Bank Secrecy Act (*i.e.* "FBAR"). He has tried tax cases before the Tax Court, the Southern District of Florida, the Western District of North Carolina, and the District of the Virgin Islands.

---

[2] The ACTC is the tax bar's equivalent of the American College of Trial Lawyers.

Of particular relevance, DiRuzzo served as lead counsel in *Duncan v. Governor of the Virgin Islands*, 48 F.4th 195 (3d Cir. 2022), securing vacatur and remand of a district court's denial of class certification in a putative class action challenging allegedly unlawful failure to timely issue tax refunds. Winning a class action case on appeal against a government defendant is among the most demanding feats in complex civil litigation, and it is precisely the credential this PSC needs at class certification.[3]

DiRuzzo's dual qualification as attorney and CPA (including prior experience at PricewaterhouseCoopers) provides the accounting background essential to reconstructing FedEx's tariff refund (if any) methodology, auditing the carrier's disclosure practices, and translating complex financial mechanics for a jury. He holds law licenses in Florida, New Jersey, New York, and the U.S. Virgin Islands, and an inactive solicitor qualification in England and Wales.[4]

### B.    Justin K. Gelfand

Gelfand is the Founding Partner of MARGULIS GELFAND DIRUZZO & LAMBSON. He is a former federal prosecutor who spent approximately five years as a Trial Attorney in the Southern Criminal Enforcement Section of the United States Department of Justice, Tax Division, where he prosecuted complex financial fraud cases throughout the country and prevailed in every federal trial and appeal he handled. He received the Attorney General's Award for Fraud Prevention and the DOJ Tax Division's Outstanding Attorney Award in each of 2011, 2012, and 2013.

---

[3] DiRuzzo currently has two other class action cases that he is currently litigating. *See Perkins v. USVI*, case no. 3:26-cv-12 (DVI) (involving statutory tolling under 26 U.S.C. § 7508A); *Olson v. Virgin Islands Water & Power* Auth., 79 V.I. 23, 49, 2024 VI SUPER 17, ¶ 35 (V.I. Super. 2024) ("the Court granted Plaintiff's motion to certify a class and appointed Plaintiff's counsel, Joseph A. DiRuzzo, III, Esq., class counsel.") (involving discriminatory billing practices).
[4] DiRuzzo's CV is attached as Exhibit 1.

Gelfand has served as lead trial counsel in more than thirty complex jury trials in more than ten federal judicial districts. He has argued before four federal appellate circuits, all state appellate courts in Missouri, and the Missouri Supreme Court, and has submitted petitions for writs of certiorari to the United States Supreme Court. He has litigated cases in more than twenty federal judicial districts. He is currently litigating a putative class action in the United States District Court for the Southern District of Illinois (*Metroplex Communications, Inc. v. Meta Platforms, Inc.*) (Gelfand's client prevailed on a substantial pretrial motion issue that is now pending before the United States Court of Appeals for the Seventh Circuit, where he argued the case on behalf of the prevailing party at the district court) and an MDL in the United States District Court for the Western District of North Carolina (*In Re: Gardasil Products Liability Litigation*), making him presently active in parallel multi-district complex litigation before this very Court's partner dockets.

Gelfand's background as a federal fraud prosecutor equips him to evaluate FedEx's institutional conduct from the inside out, *i.e.*, he understands how large organizations make, document, and defend decisions about fee and cost pass-throughs, and how those internal processes either support or undermine the defendant's litigation position. That prosecutorial analytical lens translates directly into effective discovery strategy, damages theory construction, and cross-examination of corporate representatives and damages experts at trial.

Gelfand has taught trial advocacy at Harvard Law School's annual Trial Advocacy Workshop and regularly presents nationally on complex civil and criminal litigation before the National Association of Criminal Defense Lawyers, the American Bar Association, and the Missouri Bar. He

graduated in the top 5% of his class from Washington University School of Law in St. Louis, Missouri, Order of the Coif, and served as a Senior Editor of the *Washington University Law Review*.[5]

## II. DiRuzzo and Gelfand are Prepared to Dedicate the Necessary Resources to Advance this Litigation

Plaintiffs and the putative class members (*i.e.*, individuals and businesses who paid FedEx for import shipments and were assessed surcharges tied to IEEPA tariffs) deserve PSC members with the resources, depth, and commitment to hold a major institutional defendant accountable. MARGULIS GELFAND DIRUZZO & LAMBSON is well-capitalized for contingency litigation of this complexity and is prepared to advance litigation costs, including expert witness retention and document review infrastructure, commensurate with the demands of consolidated multiparty class litigation.

Critically, this firm's boutique structure ensures that DiRuzzo and Gelfand (not junior associates) will personally drive every significant strategic decision in this litigation. The class members' interests will receive the direct attention of two trial-tested and appellate-seasoned tax attorneys at every stage.

The firm brings a specific resource advantage in this case: the ability to analyze and contest FedEx's tariff refund (if any) methodology at the accounting level, without outsourcing that analysis entirely to retained experts. DiRuzzo's CPA credential and tax background allows him to evaluate the carrier's refund practices internally, which reduces expert dependency at the investigative stage and produces sharper expert witness preparation at the merits and damages stages. That capability is not a standard PSC skill set—but is a profoundly valuable one for the class.

---

[5] Gelfand's CV is attached as Exhibit 2.

III.    **DiRuzzo and Gelfand Have Dedicated Considerable Time to Investigating Potential Claims and Have Given Consideration to Case Management Procedures**

A.    **The proposed PSC contribution is disciplined and non-duplicative.**

DiRuzzo and Gelfand propose to serve on the PSC in a capacity that complements, rather than duplicates, the work of lead counsel and other PSC members. Their specific contributions will focus on: (1) IEEPA regulatory analysis and customs law research; (2) accounting analysis of FedEx's tariff refund (if any) methodology and pricing records; (3) class certification briefing, including damages methodology development; and (4) appellate strategy and preservation of the record for potential appellate review.

As to investigation of potential claims, DiRuzzo and Gelfand identified a cause of action (count 2 – breach of fiduciary duty), which under Florida law can provide punitive damages, *see Laney v. Am. Equity Inv. Life Ins. Co.*, 243 F. Supp. 2d 1347, 1353–54 (M.D. Fla. 2003), and a jury trial, *see In re Standard Jury Instructions in Civ. Cases & Standard Jury Instructions in Cont. & Bus. Cases-Joint Rep. No. 19-01*, 277 So. 3d 1007 (Fla. 2019) (verdict form 451.14 (Model Form of Verdict for Breach of Fiduciary Duty)).

The PSC structure works when its members bring genuinely differentiated skills and commit to executing specific, assigned functions. *See Duke Standards Best Practice* 3C ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind *the benefits of diversity of experience, skills, and backgrounds*.") (emphasis added). DiRuzzo and Gelfand are prepared to do exactly that.

7

**B.       DiRuzzo and Gelfand bring knowledge of the law governing this action.**

The claims in this action implicate at least three distinct bodies of law that must be managed simultaneously: (1) IEEPA tariff authority, its limits, and the legality of the underlying tariff regime; (2) consumer protection and fiduciary duty law governing tax pass-through arrangements by common carriers; and (3) class-action procedure, including the specific challenges of certifying a damages class where individual import shipment records will vary across class members. In this respect, this is not a typical consumer-based class action or mass tort MDL; it is complex financial litigation that centers on tariff, tax, and regulatory issues, and DiRuzzo and Gelfand have experience across all three dimensions.

DiRuzzo's tax background equips him to evaluate IEEPA authority and its interaction with import tariff classification, valuation, and carrier liability. Gelfand's prosecutorial and complex civil trial background equips the team to drive the litigation toward a jury-ready posture. Together, their knowledge base covers the full arc from regulatory threshold questions to trial mechanics. *See Duke Standards Best Practice* 4E ("The transferee judge should take into account whether the leadership team adequately reflects the diversity of legal talent available and the requirements of the case.").

## IV.     ADDITIONAL RULE 23(g) FACTORS SUPPORT APPOINTMENT

As demonstrated above, DiRuzzo and Gelfand satisfy each of the Rule 23(g)(1)(A) criteria: they have investigated the claims; their experience in complex class actions and the types of claims asserted here is extensive; their knowledge of applicable law is direct and current; and the resources they will commit to the class are substantial and non-duplicative. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). With respect to their case that is now consolidated before this Court, DiRuzzo and Gelfand

thoroughly investigated their clients' claims and made sure their clients will make strong class representatives at the appropriate time in this case.

This litigation also presents a consequential public interest dimension. The IEEPA tariff regime underlying these claims has touched millions of import transactions across the country. How courts resolve the carrier liability questions embedded in this case will shape the relationship between common carriers and their customers in every future tariff disruption. The class in this case deserves PSC members who will approach those questions with the analytical rigor and litigation skill they require.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, movants respectfully request that this Court enter an order appointing Joseph A. DiRuzzo, III and Justin K. Gelfand as members of the Plaintiffs' Steering Committee.

Respectfully submitted,

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III
Fla. Bar No. 0619175
MARGULIS GELFAND DIRUZZO & LAMBSON
500 East Broward Blvd., Suite 900
Fort Lauderdale, Florida 33394
Tel: (954) 615-1676
jd@margulisgelfand.com

/s/ Justin K. Gelfand
Justin K. Gelfand
Mo. Bar No. 62265
MARGULIS GELFAND DIRUZZO & LAMBSON
138 N. Meramec
St. Louis, Missouri 63105
Tel: (781) 454-8302
justin@margulisgelfand.com

*Counsel for Plaintiffs CYCLE LIMITED, LLC and NICHOLAS METCALF*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III