**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| ***In re FedEx Tariff Litigation*** | Case No.: 2:26-cv-02181- TLP-atc |

## RESPONSE IN PARTIAL OPPOSITION TO MAJORITY PLAINTIFFS' MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL FOR THE CLASS

Plaintiff Kevin Ross ("Ross") hereby submits this memorandum in partial opposition to Majority Plaintiffs'[1] motion for appointment of co-lead counsel for the class (Dkt. 24).  Ross's Counsel does not oppose the appointment of the attorneys proposed by Majority Plaintiffs, each of whom are experienced and capable.[2]  For the reasons set forth below, however, the interests of the class are best served by a leadership structure that includes Ross's Counsel to represent the diversity of the class.  Accordingly, Ross's Counsel proposes adding Carlos F. Ramirez, a native Spanish speaker who was born and raised in Puerto Rico, as interim co-lead counsel as well as

---

[1] The "Majority Plaintiffs" are counsel from the following actions: *Anastopoulo v.FedEx Corp.*, No. 2:26-cv-02181 (W.D. Tenn.); *Deburro v. Federal Express Corp.*, No. 2:26-cv-02240 (W.D. Tenn.); *Avalos v. FedEx Corp.*, No. 2:26-cv-02289 (W.D. Tenn.); *Tran v. FedExCorp.,* No. 2:26-cv-02290 (W.D. Tenn.); *Falode v. FedEx Corp.,* No. 2:26-cv-02291 (W.D.Tenn.); Reiser v. FedEx Corp., No. 2:26-cv-02410 (W.D.Tenn.); *Anastopoulo v. FedEx Corp.*, No.2:26-cv-02334 (W.D. Tenn.); *G-Force Powersports Inc. v. Federal Express Corp.*, No. 2:26-cv-02383 (W.D. Tenn.).

[2] Specifically, the Majority Plaintiffs seek appointment of  appoint the following attorneys to represent the putative Class: Interim Lead Counsel: J. Gerard Stranch, IV, Stranch, Jennings & Garvey, PLLC ("SJG") (Nashville, Tennessee); and Plaintiffs' Executive Committee: Matthew E. Lee, Lee Segui PLLC ("Lee Segui"); Stuart A. Davidson, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"); John A. Yanchunis, Morgan & Morgan Complex Litigation Group ("Morgan & Morgan"); and Lynn A. Toops, Cohen & Malad, LLP ("Cohen & Malad") (collectively, the "Majority Plaintiffs' Proposed Leadership Group").

Jason P. Sultzer and Michael R. Reese to the executive committee, along with the counsel proposed by the Majority Plaintiffs.

**1. The Interests of the Class Are Best Served by Attorneys with a National Presence**

This proposed class action has nationwide significance. Plaintiffs allege that Defendant FedEx Corporation and FedEx Corporation unlawfully charged and collected tariff-related fees from plaintiffs and thousands of similarly situated consumers and businesses *throughout the United States*, and accordingly, the consolidated action will seek certification of a nationwide class. The named plaintiffs themselves reside in at least seven different states, where these cases were initially filed (New Jersey, New York, South Carolina, Illinois, Florida, Delaware and Tennessee).

Accordingly, while each of the attorneys proposed by the Majority Plaintiffs and by Ross are well-qualified to serve in the leadership structure for this litigation, the interests of the class are best served by attorneys from various jurisdictions and licensed to practice in multiple state bars (not just Tennessee) to represent and protect their interests. Messrs. Ramirez, Reese and Sultzer are licensed to practice across the country, including but not limited to, California, New York, Florida and New Jersey.[3] Moreover, both firms have experience litigating cases throughout the country and settling class actions on behalf of national classes. *See* Dkts. 25-1 & 25-2) (firm resumes). Their inclusion in the leadership structure is appropriate given the national scope of this litigation and would benefit the class.

**2. The Interests of the Class Are Best Served by a Diverse Leadership Structure**

In addition to counsel's experience and capabilities, diversity is an important consideration in leadership appointments. Indeed, under a district court's authority to consider "any other matter

---

[3] Attorneys for Sultzer & Lipari are also licensed in Pennsylvania, Connecticut, Colorado, Kansas, and Missouri.

pertinent to counsel's ability to fairly and adequately represent the interests of the class" pursuant to Federal Civil Procedure Rule 23(g)(1)(B), "courts have routinely recognized, over the past decade, the value of a legal team that is diverse across axes of gender, race, and other aspects of identity. *In re FICO Antitrust Litig. Related Cases*, No. 1:20-CV-02114, 2021 WL 4478042, at *3 (N.D. Ill. Sept. 30, 2021); *see also In re Fairlife Milk Prod. Mktg. & Sales Pracs. Litig.*, No. 19-cv-3924, MDL No. 2909, 2020 WL 362788, at *1 (N.D. Ill. Jan. 22, 2020) (noting that Duke Law Bolch Institute's "best practice" manual advises courts to keep "in mind the benefits of diversity of experience, skills, and backgrounds.").

Moreover, diversity of perspective is best achieved by appointing interim co-lead counsel from multiple firms, and not just a single lead counsel. As observed by the court in the *Fairlife* matter:

> diversity of viewpoints between co-lead counsel might create benefits to the class in the form of creative, out-of-the-box thinking that a single lead firm could miss.

> \*     \*     \*

> the Court has determined that ***the cross-fertilization of ideas from multiple law firms is preferable to a single firm as lead counsel.***

*Fairlife*, 2020 WL 362788 at *3 (appointing co-lead counsel instead of a single lead counsel) (emphasis added).

As a study of other class action cases also makes clear, "diversity enhances the quality of the decision-making process and results," and judges "should make appointments consistent with the diversity of our society and justice system." James F. Humphreys Complex Litig. Ctr., George Wash. Law Sch., Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation (Mar. 15, 2021); *see also In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 277 (S.D.N.Y. 2007), amended, 255

F.R.D. 130 (S.D.N.Y. 2009)(holding that in light of class members' diversity, it is important that class counsel seeking appointment also be diverse); *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 95 n.23 (S.D.N.Y. 2010)(chastising attorneys seeking a leadership position for not following the requirements of *In re J.P. Morgan Chase* regarding diversity); The Manual for Complex Litigation (Fourth) § 10.224 ("It is important to assess the following factors: . . . whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests.").

As aptly noted by Judge James Donato,

> Counsel with significant prior appointments are by no means disqualified from consideration here, but leadership roles should be made available to newer and less experienced lawyers, and the attorneys running this litigation should reflect the diversity of the proposed national class.

*In re Robinhood Outage Litigation*, No. 20-CV-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020). Notably, Hispanic attorneys like Mr. Ramirez have been particularly underrepresented in class action leadership positions.  *See* Amanda Bronstad, Despite Diversity Efforts, Fewer Than 10% of MDL Leadership Posts Are Going to Attorneys Who Are Not White, Law.com, Aug. 17, 2020, https://www.law.com/2020/08/17/despite-diversity-efforts-fewer-than-10-of-mdl-leadership-posts-are-going-to-attorneys-who-are-not-white/    (noting    that    only approximately 5% of class action and MDL positions are assigned to non-white attorneys). Indeed, increasing diversity in class action leadership positions also enhances the quality of the leadership in those cases and the perceived legitimacy of the procedures and results.  *See In re Gildan Activewear Inc. Sec. Litig.*, No. 08 CIV. 5048, 2010 WL 11746218, at *1 (S.D.N.Y. Sept. 20, 2010)(ordering co-lead counsel to add at least one minority and one female attorney to its team).

This is especially true here where FedEx's U.S. website is presented to consumers in only two languages, English ***and Spanish***, effectively confirming that a sizable portion of its customers

4

are Spanish-speakers.[4] Such Spanish-speaking class members will be well-served by a diverse leadership group that includes Mr. Ramirez as interim co-lead class counsel.[5] As set forth in Ross's Counsel's leadership motion, Mr. Ramirez is a native Spanish speaker who was born and raised in Puerto Rico before moving to New York, and was raised in a Spanish-speaking household. Thus, his inclusion as co-lead counsel best serves the interests of the class.

**CONCLUSION**

For the reasons set forth herein and in Ross's Counsel's leadership motion (Dkt. 25), the Court should appoint Carlos F. Ramirez as co-lead counsel and should appoint Mr. Reese and Mr. Sultzer to the executive committee.

Dated: June 29, 2026                                    Respectfully submitted,


                                                       */s/ Carlos F. Ramirez*
                                                       Carlos F. Ramirez
                                                       Michael R. Reese
                                                       **REESE LLP**
                                                       100 West 93rd Street, 16th Floor
                                                       Phone: (212) 643-0500
                                                       *cramirez@reesellp.com*
                                                       *mreese@reesellp.com*

                                                       Jason P. Sultzer
                                                       **SULTZER & LIPARI, PLLC**
                                                       85 Civic Center Plaza, Suite 200
                                                       Poughkeepsie, New York 12601
                                                       Phone: (845) 483-7100
                                                       *sultzerj@thesultzerlawgroup.com*

                                                       *Counsel for Plaintiff Kevin Ross*
                                                       *and the Proposed Class*

---

[4] https://www.fedex.com/global/choose-location.html#north-america-section

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Carlos F. Ramirez*
Carlos F. Ramirez
