**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: FEDEX TARIFF LITIGATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-02181-TLP-atc |

**ORDER APPOINTING INTERIM CLASS COUNSEL**

Plaintiffs move under Fed. R. Civ. P. 23(g)(3) for the appointment of interim lead class counsel in this consolidated putative class action. Most of the plaintiffs ("Majority Plaintiffs") move to designate J. Gerald Stranch, IV of Stranch, Jennings & Garvey as interim lead class counsel. (ECF No. 24.) They also seek to create a Plaintiffs' Executive Committee ("PEC") with these members: Matthew E. Lee of Lee Segui PLLC; Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP; John A. Yanchunis of Morgan & Morgan Complex Litigation Group; and Lynn A. Toops of Cohen & Malad, LLP. (*Id.*)

Plaintiff Kevin Ross moves for the appointment of Michael R. Reese and Carlos F. Ramirez of Reese LLP and Jason P. Sultzer of Sultzer & Lipari, PLLC as co-lead counsel.[1] (ECF No. 25.) In response to the Majority Plaintiffs' Motion, Plaintiff Ross pivots and moves for Ramirez' appointment as co-lead counsel with Stranch. (ECF No. 33.) And he moves for Reese's and Sultzer's appointment to the PEC that Majority Plaintiffs request. (*Id.*)

[1] All three Ross Plaintiff attorneys are based in New York City.

Finally, Plaintiffs Cycle Limited, LLC and Nicholas Metcalf ("Metcalf Plaintiffs") move for the appointment of Joseph A. DiRuzzo, III, and Justin K. Gelfand of Margulis Gelfand Diruzzo & Lambson to the Plaintiffs' Steering Committee ("PSC").[2] (ECF No. 27.) Metcalf Plaintiffs seek to have DiRuzzo and Gelfand included in any leadership structure. (*Id.*)

For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Majority Plaintiffs' Motion for Appointment of Interim Lead Counsel and the PEC as Interim Counsel. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Ross's Motion for Appointment of Co-Lead Counsel for the Class. And the Court **DENIES** Metcalf Plaintiffs' Motion for Appointment of DiRuzzo and Gelfand to the PSC.

## BACKGROUND

The Supreme Court recently held that the President lacks authority to impose tariffs under the International Emergency Economic Powers Act ("IEEPA"). *Learning Res., Inc. v. Trump*, 607 U.S. 229 (2026). And so the tariffs the President imposed under the IEEPA are invalid. Those affected by the tariffs are therefore eligible for reimbursement. FedEx Corporation ("FedEx") was affected by the tariffs. It allegedly charged fees to Plaintiffs and class members because of the IEEPA tariffs. Plaintiffs are suing FedEx to recoup the charges that FedEx passed on to them. On June 1, 2026, the Court ordered Plaintiffs to move for appointment of interim class leadership within two weeks.[3] (ECF 20. at PageID 66.)

[2] DiRuzzo and Gelfand are based in Fort Lauderdale, Florida, and St. Louis, Missouri, respectively.

[3] Chief Judge Sheryl H. Lipman formally consolidated all thirteen cases here. She also assigned the consolidated case to the Undersigned.

## LEGAL STANDARD

Rule 23(g)(1) of the Federal Rules of Civil Procedure provides that "a court that certifies a class must appoint class counsel." Rule 23(g)(3) allows the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Rule 23(g)(1) provides four factors that courts must consider when appointing interim class counsel.

i. the work counsel has done in identifying or investigating potential claims in the action;
ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
iii. counsel's knowledge of the applicable law; and
iv. the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A); *see Conklin v. 1-800 Flowers.com, Inc.,* No. 2:16-CV-675, 2017 WL 3437564, at *6 (S.D. Ohio Aug. 10, 2017); *Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-00044, 2014 WL 2219236, at *5 (W.D. Ky. May 29, 2014). Rule 23(g)(1)(B) also provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the [putative] class." Rule 23(g)(4) requires that class counsel "must fairly and adequately represent the interests of the class." Majority Plaintiffs, Plaintiff Ross, and Metcalf Plaintiffs all move under Rule 23(g)(3) to be appointed interim class counsel.

## ANALYSIS

### I. Rule 23(g)(1)(A) Factors

The Court has reviewed all the candidates under the Rule 23(g) factors and recognizes that all are well-qualified. First, the Court acknowledges that all three groups have done

considerable work identifying and investigating potential claims in the action.[4] The Court is therefore satisfied with the investigations each of the applicants has done.

Second, each proposed applicant has extensive experience in handling class actions and other complex litigation. They have all recovered billions of dollars for their clients in class actions. (ECF Nos. 24–25, 27.) The Court does not view this factor as favoring any applicant. Third, the tariff refund situation is a novel one. And so the Court does not view the experience of any of the candidates as a strong indicator of their knowledge on applicable law. Since Plaintiffs sued FedEx and not the federal government, the Court finds tax and customs, accounting, and appellate experience to be of less value here. The Court instead finds trial experience in complex litigation and class action experience to be more valuable here. The Court is satisfied with each applicant's knowledge of applicable law. Fourth, each applicant's resources are more than adequate to litigate this case.

**II. Rule 23(g)(1)(B) Other Considerations**

Under Rule 23(g)(1)(B), the Court will consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. The Court here considers Plaintiffs' collective preference. Judge Lipman's Order consolidating these cases gave the Parties a deadline of June 15, 2026, for competing interim class counsel applications. (ECF No. 20 at PageID 66). Majority Plaintiffs and Plaintiff Ross timely applied. (ECF Nos. 24–25.) Metcalf Plaintiffs applied on June 16, 2026—one day late. (ECF No. 27.) The Court notes that

[4] Majority Plaintiffs convey that their counsel has already devoted significant work here. (ECF No. 24. at PageID 81.) Plaintiff Ross states his group helped identify and develop the legal theories that gave rise to this litigation and has devoted months to an in-depth investigation of the claims. (ECF No. 25. at PageID 219) Metcalf Plaintiffs' counsel "thoroughly investigated their clients' claims and made sure their clients will make strong class representatives." (ECF No. 27 at PageID 250.) And Majority Plaintiffs note that Stranch worked with other Plaintiffs' counsel and FedEx's counsel to coordinate refiling their cases in this District. (ECF No. 24 at Page ID 81.)

the Majority Plaintiffs' proposal necessarily reflects the preference of most Plaintiffs. And no applicant opposes the proposal recommended by Majority Plaintiffs. Stranch is also based in Nashville, Tennessee. The Court finds that Majority Plaintiffs' and applicants' preferences support Majority Plaintiffs' proposal. And the deadline imposed for class counsel applications cuts against Metcalf Plaintiffs' proposal. And so, the Court **GRANTS IN PART** Majority Plaintiffs' Motion appointing Stranch as lead counsel and the members of the proposed PEC.

On the other hand, the Ross and Metcalf Plaintiffs both argue for diversity of class counsel. Plaintiff Ross seeks the appointment of Ramirez as co-lead counsel because he is Hispanic and Hispanic attorneys have been historically underrepresented in class action leadership. (ECF No. 33 at PageID 283.) He also argues that many of FedEx's customers are likely to be Spanish speakers, making it useful to have a native Spanish speaker among the class leadership. (*Id*. at PageID 284) That said, Metcalf Plaintiffs argue for diversity of thought. The Court already addressed the need for tax, customs, and appellate specialists here. But the Court finds that geographic and demographic diversity among class leadership is beneficial.

The Court finds that adding a member to Majority Plaintiffs' proposed leadership structure would be useful. Having a New York based attorney with class action experience provides beneficial geographic diversity. The Court also finds that having a native Spanish speaker would help facilitate communication between the attorneys and class members. As Ross noted, FedEx's website includes two languages—English and Spanish. The Court acknowledges that many of FedEx's customers are likely Spanish speakers. (ECF No. 33 at PageID 283-284.) In turn, Majority Plaintiffs argue that "adding members would add delay and unnecessary duplication to this case." (ECF No. 34 at PageID 287) The Court is mindful that adding many attorneys to a PEC or PSC could slow down the work. That said, it is not convinced that

Majority Plaintiffs' suggested PEC would suffer by adding a member containing Ramirez's skillset. The Court therefore adds Ramirez to the PEC.

## CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Majority Plaintiffs' Motion and **APPOINTS** Stranch as interim lead class counsel. And the Court APPOINTS Davidson, Yanchunis, Lee, and Toops to the PEC. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Ross's Motion for Appointment of Co-Lead Counsel for the Class and **APPOINTS** Ramirez to the PEC. And the Court **DENIES** Metcalf Plaintiffs' Motion for Appointment of DiRuzzo and Gelfand to the PSC.

**SO ORDERED**, this 11th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE